IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| LISTER HARRELL, | |
| Plaintiff, | |
| v. | CV 323-045 |
| CITY OF EASTMAN, GA; BECKY SHEFFIELD, Eastman Police Chief; WESLEY DYAL, Individually and in his capacity as Eastman Police Officer; JAMES ATKINS, Individually and in his capacity as Eastman Police Officer; DUSTIN ROGERS, Individually and in his capacity as Eastman Police Officer; and WILLIAM A. LUECKE, | |
| Defendants. | |

O R D E R

On December 16, 2022, Plaintiff Lister Harrell, proceeding *pro se*, filed this excessive force case under 42 U.S.C. § 1983 in the Superior Court of Dodge County, Georgia. Defendants removed the case to this Court on June 9, 2023. Five of the six Defendants are represented by the same attorney and have filed a joint answer to the complaint. (See Answer, Doc. No. 5.) The last Defendant, William A. Luecke, is proceeding *pro se*. He filed his own answer on June 23, 2023. (Doc. No. 7.) At present, Defendant Luecke has filed a one-page motion to dismiss based on two grounds. (Doc.

No. 16.) First, he claims he was improperly served with process outside the statutory timeframe permitted by state law. Second, he claims that he has a valid defense to the claim against him under the "Good Samaritan law." (Id.)

In removed cases, the sufficiency of service of process attempted before removal is governed by state law. <u>Rentz v. Swift Transp. Co.</u>, 185 F.R.D. 693 (M.D. Ga. 1998). In his motion to dismiss, Defendant Luecke complains that service was not perfected upon him within the 90-day limit mandated under "71.1(d)(3)(A)." (Doc. No. 16, at 1.) The Court is unable to determine to what Georgia law Defendant is referring. Service of process in Georgia is governed by O.C.G.A. § 9-11-4, which does not contain a 90-day time limit. Instead, upon filing a complaint, the court clerk issues a summons directed to the named defendant that contains pertinent information about the lawsuit. O.C.G.A. § 9-11-4(a) & (b). The summons and complaint are served by the sheriff (or his deputy) in the county where the defendant is to be found.[1] O.C.G.A. § 9-11-4(c). The only time limit included in the statute provides: "When service is to be made within [Georgia], the person making such service shall make the service within five days from the time of receiving the summons and complaint; <u>but failure to make service</u>

---

[1] Process may also be served by anyone specially appointed by the court or a certified process server. O.C.G.A. § 9-11-4(c).

2

<u>within the five-day period will not invalidate a later service.</u>"

<u>Id.</u> (emphasis added). The Georgia Supreme Court explained:

> [O.C.G.A.] § 9-11-4(c) provides a time frame for performance by the process server once service is sought, but does not provide a time limit within which service must be initiated by the plaintiff. Thus, "the mere time lapse" between the date of filing and the date of service is not a valid basis for dismissal. In determining whether diligence was exercised, the focus is upon the plaintiff's efforts after becoming aware that the process server failed to perfect service in accordance with the time limit provided in [the statute].

<u>Georgia Farm Bureau Mut. Ins. Co. v. Kilgore</u>, 462 S.E.2d 713, 715 (Ga. 1995) (citations omitted).

In the case at bar, the only evidence related to service of process upon Defendant Luecke appears as an exhibit to the Notice of Removal. (Doc. No. 1-2.) This exhibit is the Sheriff's Entry of Service, and it shows that on January 10, 2023, a deputy attempted service upon Defendant Luecke at 176 6th Avenue in Rochelle, Georgia, the address listed in Plaintiff's complaint.[2]

---

[2] In his answer filed on June 23, 2023, Defendant Luecke denies that he is a resident at 176 6th Avenue, stating that he was not a resident of this home between September 2022 and May 2023. (Doc. No. 7, ¶ 8.) While Defendant Luecke's answer indicates that he moved back into the 176 6th Avenue address, he lists his address as 172 6th Avenue on his first motion to dismiss and his answer, which were filed in June 2023, and his second motion to dismiss filed in July 2023. (Doc. Nos. 6, 7 & 12.) He then provides a post office box address on the envelopes in which these pleadings were sent to the Clerk of Court. (<u>See</u> <u>id.</u>) Listing of both a physical address and a post office box address has caused some confusion in the Clerk's Office; the Court's Order of July 11, 2023, was returned as undeliverable because the Clerk had put both addresses on the envelope. (<u>See</u> Doc. No. 15.) Since that time, the Clerk (as well as Plaintiff and the other Defendants) have effectively used the post office box address. The question still remains, however, whether Defendant Luecke's physical address is 172 or 176 6th Avenue.

(See Compl. ¶ 8.) There is no indication of when the summons was obtained by the Sheriff, and therefore no indication of whether service was attempted within five days.[3] The Sheriff's Entry of Service indicates that service was not effected because Defendant Luecke had "moved." (Doc. No. 1-2.) Defendants' Notice of Removal, however, states that Defendant Luecke, who was the last served defendant, was served on May 25, 2023. (Doc. No. 1, ¶ 1.) The Notice of Removal was filed within thirty days of this service.[4]

On a motion to dismiss for insufficiency of service, the plaintiff bears the burden of establishing the validity of process under both federal and state law. Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999) (citation omitted); Lipscomb v. Davis, 783 S.E.2d 398, 399 (Ga. Ct. App. 2016) (citations omitted). In this case, Plaintiff has not met his burden to show that he acted with reasonable diligence to serve

---

[3] That said, other Defendants were served on December 20, 2022, just four days after the complaint was filed. (Doc. No. 1-2.) Presumably, the state clerk also issued summons for Defendant Luecke on December 16, 2022. As stated, however, the five-day statutory time period for service applies to the process server, not the plaintiff, and does not invalidate a later service.

[4] There is no evidence of Defendant Luecke's service on May 25, 2023. Thus, the Court does not know if and when another summons was issued or where Defendant Luecke was found. The Court cannot be sure that service was actually effected on May 25, 2023. Nevertheless, any failure to remove a case within the 30-day window would constitute a procedural defect, as opposed to a jurisdictional defect, which is waived by a plaintiff's failure to timely file a motion to remand. See, e.g., Whittington v. Watkins, 2010 WL 1141434, at *4 (S.D. Ala. Mar. 22, 2010) (citing 28 U.S.C. § 1447(c), which provides that a motion to remand for any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal). The long and short of it is that if there is a defect in the timing of removal in this case, Plaintiff has waived it by failing to file a motion to remand within 30 days of removal.

Defendant Luecke between the failed service in January 2023 until the time Defendant Luecke was served on May 25, 2023. The Court notes Plaintiff's explanation in brief that he had paid Wilcox County to serve Defendant Luecke at the address "provided with sworn statement and then reaffirmed by Plaintiff with in person visit to this address on same day of paid service." (Doc. No. 18, at 2.) Plaintiff continues that Defendant Luecke avoided being served for months by misleading Wilcox County "until he was discovered at home on a Sunday morning." (Id.) Yet, there is no evidence submitted to support Plaintiff's allegations. There is no evidence of the actual summons and complaint or of any Entry of Service by the process server. There are no affidavits from any concerned party attesting to these alleged facts. The Court cannot even be sure at which address Defendant Luecke was eventually found. Accordingly, Plaintiff has not met his burden to show he acted with reasonable diligence to serve Defendant Luecke, though it must be said that the Court is not necessarily discounting Plaintiff's version of events.[5] Upon this failure of proof, the Court finds that service of process upon Defendant Luecke *under state law* was insufficient.

---

[5] The Court notes the contradiction between the physical addresses listed on the answer and the denial in the answer, discussed *supra* note 2. The Court is similarly bemused by the fact that Defendant Luecke is the Chief of Police of the East Dublin Police Department in Dodge County but cannot be found by a deputy in the county of his residence, the neighboring Wilcox County.

Notwithstanding the apparent deficient attempt at service of process under state law, federal law affords Plaintiff the opportunity to re-serve any defendant who was improperly served while the matter was pending in state court. 28 U.S.C. § 1448. Under Federal Rule of Civil Procedure 4(m), Plaintiff has 90 days for service beginning from the day the case was removed to federal court - June 9, 2023. See, e.g., Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478-79 (N.D. Ga. 1997); Salle v. Ford Motor Co., 2013 WL 3280325, at *5 n.4 (N.D. Ala. June 25, 2013); see also 4B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3rd ed. 2002). That time period passed while the instant motion to dismiss was under consideration. Accordingly, the Court will extend the time within which Plaintiff must serve the Summons and Complaint upon Defendant Luecke for a period of thirty (30) days from the date of this Order.

In this regard, the Clerk of Court is directed to issue two Summonses to Defendant William A. Luecke at 172 6th Avenue and 176 6th Avenue, Rochelle, Georgia, 31079. The Clerk shall attach these Summonses with a copy of the ten-page complaint (doc. no. 1-1) to Plaintiff's service copy of this Order. Plaintiff must timely complete service upon Defendant Luecke by the manner and means set out in the Federal Rules of Civil Procedure; once service is completed, Plaintiff must promptly file an affidavit of such service with the Clerk of Court.

Because the complaint has not been properly served, the Court will not address Defendant Luecke's other grounds for dismissal at this juncture.  Having now afforded Plaintiff another opportunity to serve Defendant Luecke, Defendant Luecke's motion to dismiss (doc. no. 16) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 25th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE